**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re Application of<br><br>HCS Beteiligungsgesellschaft mbH,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 22-<br><br>**DECLARATION OF DUANE L. LOFT IN SUPPORT OF THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** |

I, Duane L. Loft, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am an attorney licensed to practice law in the State of New York.  I am a partner at the law firm of Pallas Partners (US) LLP, which is counsel to HCS Beteiligungsgesellschaft mbH. ("**Petitioner**").  I make this declaration in support of Petitioner's Application for an Order Pursuant to 28 U.S.C. § 1782 (the "**Application**").

2.      Petitioner brings this Application under 28 U.S.C. § 1782 to obtain limited discovery from Ruben King-Shaw ("**Respondent**") for use in contemplated proceedings in Germany described in the accompanying declaration of Olaf Gierke (the "**German Proceedings**").

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on Respondent.

Dated: December 21, 2022

By:  _____

Duane L. Loft

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF TEXAS

In re Application of HCS Beteiligungsgesellschaft mbH

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Ruben King-Shaw Jr.
_____
*(Name of person to whom this subpoena is directed)*

☒ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Hayward, PLLC, *Attorneys and Counselors*<br>10501 N. Central Expressway, Suite 106<br>Dallas, Texas 75231 | Date and Time:   Within 14 days of the Court's<br>order granting the Application |
|---|---|

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Duane L. Loft |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
HCS Beteiligungsgesellschaft mbH,
_____ , who issues or requests this subpoena, are:
Duane L. Loft, Pallas Partners (US) LLP, 75 Rockefeller Plaza, New York, NY 10019, Duane.Loft@pallasllp.com, (212) 970-2300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

a.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

c.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

d.      "Dr. Bhardwaj" means Dr. Gunjan Bhardwaj and any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control, and Including any other entities in which he has or had an ownership interest.

e.      "Mr. Fernandez" means Francisco Fernandez and any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control, and Including any other entities in which he has or had an ownership interest.

f.      "HCS" means HCS Beteiligungsgesellschaft mbH and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

g.      "Including" means including, without limitation, the specific matter, Documents, or electronically stored information described.

h.      "Innoplexus" means Innoplexus AG and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

i.      "Partex" means Partex NV and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

j.      "You" "Your" and "Yours" means Ruben King-Shaw and any of your employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on Your behalf or subject to Your control, and Including any other entities in which you have or had an ownership interest.

## INSTRUCTIONS

1.      These Document demands are intended to and do cover all Documents in Your possession, custody, or control, Including those belonging to subsidiaries, divisions, or affiliates, or any of Your directors, officers, managing agents, employees, attorneys, accountants, or other representatives.  These Document demands also are intended to and do cover any and all Documents You are authorized or have the practical ability to retrieve.

2.      Each request for a Document contemplates production of the Document or electronically stored information in its entirety, without abbreviation or expurgation.

3.      Documents or electronically stored information provided shall be complete and, unless privileged, unredacted, submitted as found (*e.g.*, Documents that in their original condition

2

were stapled, clipped or otherwise fastened shall be produced in such form). To the extent any responsive Document is attached to another Document through manual or electronic (*e.g.*, e-mail) means, both the responsive Document and any attachment(s) should be produced. To the extent only a portion of a Document or electronically stored information is privileged, the non-privileged portion should be produced and any redactions should be clearly marked.

4.      Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document level text files (text-searchable), Native Files, .DAT with standard Concordance delimiters (should contain the path to native files and text files), .OPT image load file (should contain the page count and volume path). Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including Bloomberg messages, Instant Bloomberg chats, WeChat messages, Signal messages, WeCom messages, QQ messages, and WhatsApp messages), calendar entries, Documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and Documents in Portable Document Format ("PDF").

5.      With respect to any Documents that are withheld, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld. Privileged attachments should be listed separately. Non-privileged attachments should be produced.

6.      If no Documents exist that are responsive to a particular request, please so state in writing.

7.      These demands require production of copies of all electronically stored information in native electronic format, Including production of all metadata.

8.      No part of a request may be left unanswered, or Documents and things not produced, merely because an objection is interposed as to any other part of a request.  Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection.  All objections to the production of Documents, information, or other things requested herein must be made in writing and delivered to counsel of record for the Petitioner.

9.      This subpoena is deemed continuing in nature and You are obliged to produce responsive Documents and to supplement Your production whenever additional Documents are located or their existence ascertained.

10.      Unless otherwise specified, each request pertains to the period of January 1, 2021, to present.

## DOCUMENT REQUESTS

1.      All Documents and Communication between You, Partex, Dr. Bhardwaj and Mr. Fernandez and any supervisory board members, employees, officers, directors, or agents and advisors of Partex or Innoplexus related to the transfer of assets, business opportunities, and know-how from Innoplexus to Partex and its subsidiaries.

2.      All Documents and Communications between You and Dr. Bhardwaj relating to the solicitation of investment from Mr. Fernandez.

3.      All Documents and Communications between You and Mr. Fernandez related to investment in Partex.

4.      All Documents and Communications between You and any supervisory board members, employees, officers, directors, or agents and advisors of Partex or Innoplexus related to Partex's takeover of Innoplexus as majority shareholder.

5

5.      All Documents and Communications between You and Dr. Bhardwaj related to HCS's shareholding in Innoplexus, including the circumstances that led to Innoplexus' forced capital increase and the decision to exclude HCS' subscription right.

6.      All Documents and Communications between You and Dr. Bhardwaj relating to the circumstances under which You joined the Partex team and were elected to the Innoplexus supervisory board.

7.      All non-privileged Documents and Communications Concerning Your retention of Documents that may be responsive to this Subpoena, Including any Document or Communication you received Concerning retention of Documents in anticipation of litigation Concerning the Innoplexus, Partex, Dr. Bhardwaj, or Mr. Fernandez.