UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re Application of<br><br>HCS Beteiligungsgesellschaft mbH,<br><br>Petitioner, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 3:22-MC-00101-M |

### PETITIONER'S RESPONSE TO PARTEX'S MOTION FOR EXTENSION OF TIME

Pursuant to the Court's February 27, 2023, Electronic Order in the captioned miscellaneous matter, Petitioner, HCS Beteiligungsgesellschaft mbH ("**HCS**"), files this response to Partex's motion for an extension of time (the "**Motion**") [ECF No. 6] to respond to HCS's Application for an Order pursuant to 28 U.S.C. § 1782 ("**Section 1782**") to Conduct Discovery for Use in a Foreign Proceeding (the "**1782 Application**").  HCS does not oppose Partex's motion, except that any extension granted should be considerably less than the four weeks Partex requests.

The 1782 Application was filed on December 21, 2022. [ECF No. 1]. Respondent, Ruben King-Shaw Jr., was served with the 1782 Application on or about December 22, 2022. [ECF No. 4]. On January 23, 2023, the Court ordered King-Shaw to respond to the 1782 Application by February 20, 2023. [ECF No. 5]. No response was filed by the deadline.

On February 24, 2023, Partex[1] filed the instant motion for extension of time to respond to the Application. [ECF No. 6]. The Motion asserts that King-Shaw "has been substantially

---

[1] King-Shaw is not a party to the Motion. At this time, Partex has not moved to formally intervene and is therefore a non-party to this action. HCS does not at this time take a position on whether Partex may properly intervene and reserves all rights, arguments, and defenses.

indisposed for medical reasons,"[2] and that Partex learned about the February 20 response deadline on February 23, 2023. Motion at 2. Partex requests a four-week extension of the response deadline "to provide adequate time for Mr. King-Shaw and/or Partex to consult, investigate and determine how they will respond to the Application." Motion at 2.

While a deadline extension is understandable, four weeks is excessive. The Application has been pending for over two months now, and additional delay prejudices HCS's ability to prosecute the German proceedings that the Application was brought to assist. Nor would the delay be limited to the already lengthy four weeks Partex requests. HCS, and potentially King-Shaw, would then need more time to respond to Partex's filing, and the Court would need time on top of that to rule on the papers. HCS understands Partex's circumstances but is anxious to move this forward. HCS believes that two weeks from the date Partex learned of the deadline (*i.e.*, February 23, 2023, *see* Motion at 2) would be sufficient.

Partex provides two reasons why a four-week extension is necessary, both of which are unconvincing.

*First*, Partex asks this Court to further delay this proceeding by almost a month to allow it to conduct a full investigation of its options. *See* Motion at 2 (Partex seeks this extension "to provide adequate time for Mr. King-Shaw and/or Partex to *consult, investigate and determine how they will respond* to the Application" (emphasis added)). Two weeks is more than sufficient time to assess how to respond to an application seeking to serve a standard subpoena. To the extent

---

[2] We are of course sympathetic to King-Shaw, and we wish him a speedy recovery. HCS notes that Partex did not provide a declaration substantiating this incident or medical issues, and HCS at this time has not been provided any further information about the situation, including its timing, severity, or current status.

Partex wishes to conduct an unusually in-depth investigation, that should be done on Partex's time, not the Court's.

*Second*, Partex asserts that a four-week extension is necessary because some of the relevant documents will be in German. That may be true for documents in the foreign proceeding or documents that will ultimately be within the scope of discovery, but it is not true for the documents necessary to respond to the 1782 Application. The 1782 Application is in English, as is the American case law that governs Section 1782. There is no need for Partex to extensively analyze German documents to draft a response.

For the foregoing reasons, if the Court determines that an extension of the deadline is appropriate, HCS would respectfully request that it be set for March 9, 2023, which is two weeks following the date Partex learned of the deadline. *See* Motion at 2 (Partex learned of the deadline "yesterday").

Dated: February 28, 2023

*/s/ John P. Lewis*

| | |
|---|---|
| John P. Lewis | Duane L. Loft* |
| TEXAS BAR NO. 12294400 | Brianna Hills Simopoulos* |
| **HAYWARD PLLC** | **PALLAS PARTNERS (US) LLP** |
| 10501 N. Central Expy, Suite 106 | 75 Rockefeller Plaza |
| Dallas, Texas 75231 | New York, NY 10001 |
| Telephone: (972) 755-7100 | Telephone: (212) 970-2300 |
| JPLewis@haywardfirm.com | Duane.Loft@pallasllp.com |
| | Brianna.Simopoulos@pallasllp.com |

*\*Pro hac vice* application pending

*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 28, 2023, he served a true and correct copy of the foregoing *Response* by electronic service and/or email attachment on Elizabeth Raines, Esq., Thompson Coe Cousins & Irons, LLP, 700 N. Pearl Street, Twenty-Fifth Floor Dallas, Texas 75201-2832, Attorneys for Partex.

*/s/ John P. Lewis, Jr.*
John P. Lewis, Jr.