IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HCS BETEILIGUNGSGESELLSCHAFT MBH, | § § § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | CIVIL ACTION NO. 3:22-MC-00101-M |
| RUBEN KING-SHAW, JR, | | |
| Respondent. | | |

**PARTEX N.V.'S UNOPPOSED MOTION TO INTERVENE**

Partex N.V. ("Partex") respectfully moves pursuant to Federal Rule of Civil Procedure 24(a) and (b) to intervene as a Respondent in this action for the following reasons:

**I.   INTRODUCTION**

Petitioner HCS Beteiligungsgesellschaft MBH ("HCS") filed its Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "Application") on December 21, 2022. ECF No. 1. Respondent Ruben King-Shaw, Jr. is a member of the Supervisory Board of Innoplexus AG, in which Partex owns a majority stake. *See* ECF No. 1-4. HCS also owns a stake in Innoplexus AG. In its Application, Petitioner HCS seeks the deposition of and document production from King-Shaw "for use in two contemplated proceedings that it intends to file imminently in Germany in connection with Petitioner's investment in Innoplexus AG." *See* ECF No. 1-4. One of the contemplated proceedings is against Partex. *See* ECF No. 1-4. The subpoena HCS proposes in the Application seeks the following documents and communications involving Partex and its subsidiary Innoplexus:

1

> (a) documents and communications exchanged between Respondent, Partex and Dr. Bhardwaj related to the takeover of Innoplexus by Dr. Bhardwaj and his company, Partex, (b) documents and communications exchanged between Respondent and Dr. Bhardwaj or other individuals associated with Partex and Dr. Bhardwaj or their agents and advisors related to the misappropriation of assets and business opportunities from Innoplexus and its shareholders to the detriment of Innoplexus and HCS.

ECF No. 1-4. As a target of the contemplated foreign proceedings and the proposed discovery, Partex has standing to oppose a grant of discovery pursuant to 28 U.S.C. Section 1782. *See Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 (5th Cir. 2010) (allowing intervention through motion to quash Section 1782 subpoena by adverse party in foreign proceedings); *see also Application of Sarrio, S.A.,* 119 F.3d 143, 148 (2d Cir. 1997); *In re Letter of Request from Crown Prosecution Service of U.K.,* 870 F.2d 686, 689 (D.C. Cir. 1989); *In re Letter of Request from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir. 1975). Intervention is sought to preserve Partex's rights as a target of the proposed discovery and a defendant in an imminent lawsuit to be brought by HCS. "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). *See also Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992).

## II.  ARGUMENT

Partex is entitled to intervene in this case as a matter of right under Rule 24(a)(2); or in the alternative, the Court should permit Partex to intervene pursuant to Rule 24(b)(2).

### A. Partex Is Entitled to Intervene as a Matter of Right Pursuant to Rule 24(a)(2).

Rule 24(a) should be "broadly construed, in favor of the applicant for intervention." *Thurmond v. Compaq Computer Corp.,* No. 99-CV-711, 2000 U.S. Dist. LEXIS 20893, at *4 (E.D. Tex. June 26, 2000) (citing *Edwards v. City of Houston,* 78 F.3d 983, 1004-05

(5th Cir. 1996) (en banc)); *see also Doe No. 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) (intervention should be allowed where no one would be hurt and greater justice could be attained). Rule 24(a)(2) lists four requirements for intervention as a matter of right:

> (1) timeliness; (2) the movant's interest in the property or transaction that is the subject matter of the action; (3) the movant's situation such that, without intervention, the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) inadequacy of protection of the movant's interest by the existing parties.

FED. R. CIV. P. 24(a)(2); *see also Heaton v. Monogram Credit Card Bank of Georgia,* 297 F.3d 416, 422 (5th Cir. 2002). "[T]he inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application ... [and] intervention of right must be measured by a practical rather than a technical yardstick." *Edwards,* 78 F.3d at 999 (quoting *United States v. Texas E. Transmission Corp.,* 923 F.2d 410, 413 (5th Cir. 1991)). As discussed below, Partex meets each of these four requirements.

    **i.**    **Partex's Motion to Intervene is Timely**

A court's determination of whether an application to intervene under Rule 24 is timely is discretionary and depends on the facts and circumstances of the case. *See Brown v. Trinity Indus.,* No. 04-40198, 2004 U.S. App. LEXIS 18624, at *3 (5th Cir. Sept. 2, 2004) (citing *NAACP v. New York,* 413 U.S. 345, 366 (1973)). In the Fifth Circuit, four factors are used to consider the timeliness of a motion to intervene:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001) (quoting *Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.,* 172 F.3d 385, 387 (5th Cir. 1999)). "Prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Sierra Club v. Espy,* 18 F. 3d 1202, 1206 (5th Cir. 1994). An analysis of the above factors demonstrates the timeliness of Partex's Motion.

HCS filed its Application on December 21, 2022. Partex acted promptly upon learning of the Application. HCS did not oppose Partex's motion for extension of time to allow Partex to file a response to the Application. No ruling on the merits of the Application has been issued. No discovery has been propounded upon King-Shaw nor has his deposition been scheduled. Partex's intervention will not unduly delay or prejudice the adjudication of the parties' rights.

Partex's Motion does not prejudice the other parties because they do not oppose it and the briefing on the Application is incomplete. *See Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 370 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."). Accordingly, Partex's intervention at this time will not disrupt the progress of the Application.

    **ii.**    **Partex Has a Significant Interest in The Property and Transactions That are the Subject of the Application**

To meet the second requirement for Rule 24(a)(2) intervention, a potential intervenor must demonstrate it has an interest that is related to the property or transaction that forms the basis of the controversy. *Doe #1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001). The interest must be direct, substantial, and legally protectable. *Id.* Further, the interest must be one that the substantive law recognizes as belonging to or being owned by the applicant. *New Orleans Public Service, Inc. v. United Gas Pipe Line Company*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc).

4

It is well settled that a party against whom information obtained under 28 U.S.C. § 1782 may be used, has standing to intervene to protect its rights and interests. *See*, *e.g.*, *In re Application of Sarrio, S.A.*, 119 F.3d 143 at 148 ("[P]arties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders [obtained pursuant to 28 U.S.C. § 1782] directed to third parties."); *see also In re Letter Rogatory from the Justice Court*, 523 F.2d 562 at 564. ("Thus a party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of the applicable statute, here 28 U.S.C. § 1782.").

Petitioner seeks documents and communications between Respondent, Partex, Dr. Gunjan Bhardwaj (founder of Innoplexus and CEO of Partex), Francisco Fernandez (Chairman of Partex), and any board members employees, officers, directors, or agents and advisors of Partex or Innoplexus related to Partex's business opportunities, Mr. Fernandez's investment in Partex, Partex's alleged takeover of Innoplexus as majority shareholder, and Petitioner's position on the Innoplexus supervisory board. Further, the discovery HCS seeks "is for use in a lawsuit that HCS will imminently file against Partex ." *See* ¶ 30 of the Declaration of Dr. Olaf Gierke in Support of the Application. Accordingly, Partex has the requisite legally protectable interest in this proceeding. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1212-13 (11th Cir. 1989) (reversing the district court for not allowing the non-parties to intervene when they had an interest in the very property and very transaction that was the subject of the action).

### iii.   Partex's Ability to Protect its Interests Will be Impaired if it Cannot Intervene

The potential intervenor must be situated so that the disposition of the case into which it seeks to intervene may impair or impede its ability to protect its interest. *Espy*, 18 F.3d at 1207. HCS admits the documents and testimony sought through its Application will be used to

support an imminent lawsuit against Partex. A judicial determination on HCS's Application will affect Partex's interests in the impending lawsuit. Partex's ability to protect its interests in discovery conducted for the impending litigation against it will be significantly impaired if Partex does not have the opportunity to be heard and raise valid objections to the proposed discovery. As such, Partex should be allowed to intervene here.

### iv. The Existing Parties Cannot Adequately Represent Partex's Interests

The requirement of showing inadequate representation of interests is satisfied when the movant shows that its interests might be inadequately represented by the existing parties to the suit. *Espy,* 18 F.3d 1202 at 1207. The burden of making such a showing is minimal. *See id.* "The applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.' The applicant need only show that representation 'may be' inadequate." *Id.* (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)).

While King-Shaw and Partex's interests overlap in some respects, the impact of the discovery sought is significantly less for King-Shaw than it is for Partex, because it is the actual target of the discovery. HCS states in its Application that King-Shaw will not be a party to the foreign proceedings, but Partex will be. As such, Partex will present a more substantive and vigorous response to the discovery sought in HCS's Application. *Bush v. Viterna,* 740 F.2d 350, 357 (5th Cir. 1984) (quoting *New York Public Interest Research Group, Inc. v. Regents of the Univ. of the State of New York,* 516 F.2d 350, 352 (2d Cir. 1975) (finding intervention as of right should be allowed when intervenors may potentially make a "more vigorous presentation" of their interests than existing parties)). Therefore, Partex must be allowed to intervene to adequately protect its interests, and this Court should grant its Motion pursuant to Rule 24(a).

### B. Alternatively, Partex Should be Permitted to Intervene Pursuant to Rule 24(b)

Permissive intervention is appropriate when: (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *League of United Latin Am. Citizens, Council No. 4434 v. Clements,* 884 F.2d 185, 189 n. 2 (5th Cir.1989). "District courts are given broad discretion in granting motions to intervene under Rule 24(b)(2)." *Id* at 189.

 In the Fifth Circuit, permissive intervention is a two-stage process. "First, the district court must decide whether 'the applicant's claim or defense and the main action have a question of law or fact in common.' If this threshold requirement is met, the district court must exercise its discretion in deciding whether intervention should be allowed." *See Stallworth v. Monsanto Co.,* 558 F.2d 257, 269 (5th Cir. 1977) (quoting FED. R. CIV. P. 24(b)(2)).

Here, HCS admits its Application seeks testimony and documents it intends to use in an imminent lawsuit against Partex. As such, Partex, a target of the discovery, has responses and objections that share common questions of law or fact with the Respondent, Mr. King-Shaw. As noted, this Motion is made timely and intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Therefore, Partex meets the requirements for permissive intervention.

### III.   CONCLUSION

BASED UPON THE FOREGOING, Partex N.V. respectfully requests that the Court grant this Motion to Intervene and grant leave to intervene, if necessary.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By: */s/ Elizabeth Raines*
Elizabeth Raines
Texas Bar No. 24027642
Zane M. Raphael
Texas Bar No. 24107904

700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8267
Facsimile: (214) 871-8209
E-Mail: eraines@thompsoncoe.com
E-Mail: zraphael@thompsoncoe.com

HUGHES HUBBARD & REED LLP

Derek J.T. Adler (*pro hac vice pending*)
New York Bar No. 2250975
One Battery Park Plaza, 17th Floor
New York, New York 10004
Telephone: (212) 837-6086
Facsimile: (212) 422-4726
E-Mail: derek.adler@hugheshubbard.com

**ATTORNEYS FOR PARTEX N.V.**

**CERTIFICATE OF CONFERENCE**

This is to certify that on March 15 and 16, 2023, counsel for Intervenor conferred with Counsel for Petitioner and Counsel for Respondent regarding the proposed intervention. Counsel for Petitioner indicated they consent to the proposed intervention. Counsel for Respondent also stated Respondent consents to the proposed intervention.

*/s/ Elizabeth Raines*
Elizabeth Raines

## **CERTIFICATE OF SERVICE**

      I certify that on March 16, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                      */s/ Elizabeth Raines*_____
                                      Elizabeth Raines