UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re Application of<br><br>HCS Beteiligungsgesellschaft mbH,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Civil Action No. 3:22-MC-00101-M |

**DECLARATION OF DEREK J.T. ADLER IN OPPOSITION
TO APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

I, Derek J.T. Adler, hereby declare as follows:

1.      I am a partner at Hughes Hubbard & Reed LLP, counsel for Partex N.V. ("Partex"). I am duly admitted to practice law in the State of New York and I have applied for admission *pro hac vice* to appear before this Court.

2.      I submit this Declaration in opposition to the application of HCS Beteiligungsgesellschaft mbH ("HCS" or "Petitioner") for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

3.      I respectfully submit that, for the reasons set forth in Partex's Memorandum of Law, HCS's application should be denied. However, in the event the application is granted, it would be fair and appropriate to permit Partex to obtain reciprocal disclosure from HCS and its principal, Mr. Semmler, regarding the subjects on which it seeks leave to obtain disclosure from Mr. King-Shaw.

4.      Attached hereto as Exhibit 1 is the Subpoena Partex proposes to serve on HCS and Mr. Semmler in the event the request for reciprocal disclosure is granted.

104485959_1

5. I declare under penalty of perjury that the foregoing is true and correct.

Date: March 16, 2023  
New York, NY

_____  
Derek J.T. Adler

104485959_1

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| In re Application of HCS Beteiligungsgesellschaft mbH  *Plaintiff* <br> v. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:22-MC-00101-M |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Hans-Christian Semmler c/o HCS Beteiligungsgesellschaft mbH

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Hengeler Mueller, Benrather Straße 18-20 <br> 40213 Düsseldorf, Germany | Date and Time: Within 14 days of the Court's order granting the Application |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/16/2023

*CLERK OF COURT*

OR  /s/ Derek J.T. Adler

*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Partex N.V. , who issues or requests this subpoena, are:

Derek J.T. Adler, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004 (212) 837-6000 derek.adler@hugheshubbard.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

    I declare under penalty of perjury that this information is true.

Date: _____

                                         _____
                                                *Server's signature*

                                           _____
                                                *Printed name and title*

                                           _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

a. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b. "Concerning" means relating to, referring to, describing, evidencing or constituting.

c. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

d. "Dr. Bhardwaj" means Dr. Gunjan Bhardwaj and any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control, and Including any other entities in which he has or had an ownership interest.

e. "Mr. Fernandez" means Francisco Fernandez and any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control, and Including any other entities in which he has or had an ownership interest.

f. "HCS" means HCS Beteiligungsgesellschaft mbH and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

g. "Including" means including, without limitation, the specific matter, Documents, or electronically stored information described.

    h.    "Innoplexus" means Innoplexus AG and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

    i.    "Partex" means Partex N.V. and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

    j.    "You" "Your" and "Yours" means HCS and any of its employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on Your behalf or subject to Your control, and Including any other entities in which you have or had an ownership interest.

## **INSTRUCTIONS**

1. These Document demands are intended to and do cover all Documents in Your possession, custody, or control, Including those belonging to subsidiaries, divisions, or affiliates, or any of Your directors, officers, managing agents, employees, attorneys, accountants, or other representatives. These Document demands also are intended to and do cover any and all Documents You are authorized or have the practical ability to retrieve.

2. Each request for a Document contemplates production of the Document or electronically stored information in its entirety, without abbreviation or expurgation.

3. Documents or electronically stored information provided shall be complete and, unless privileged, unredacted, submitted as found (*e.g.*, Documents that in their original condition

were stapled, clipped or otherwise fastened shall be produced in such form).  To the extent any responsive Document is attached to another Document through manual or electronic (*e.g.*, e-mail) means, both the responsive Document and any attachment(s) should be produced.  To the extent only a portion of a Document or electronically stored information is privileged, the non-privileged portion should be produced and any redactions should be clearly marked.

4. Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document level text files (text-searchable), Native Files, .DAT with standard Concordance delimiters (should contain the path to native files and text files), .OPT image load file (should contain the page count and volume path).  Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including Bloomberg messages, Instant Bloomberg chats, WeChat messages, Signal messages, WeCom messages, QQ messages, and WhatsApp messages), calendar entries, Documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and Documents in Portable Document Format ("PDF").

5. With respect to any Documents that are withheld, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld.  Privileged attachments should be listed separately.  Non-privileged attachments should be produced.

6. If no Documents exist that are responsive to a particular request, please so state in writing.

7. These demands require production of copies of all electronically stored information in native electronic format, Including production of all metadata.

8. No part of a request may be left unanswered, or Documents and things not produced, merely because an objection is interposed as to any other part of a request. Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection. All objections to the production of Documents, information, or other things requested herein must be made in writing and delivered to counsel of record for the Petitioner.

9. This subpoena is deemed continuing in nature and You are obliged to produce responsive Documents and to supplement Your production whenever additional Documents are located or their existence ascertained.

10. Unless otherwise specified, each request pertains to the period of January 1, 2021, to present.

11. Excluded from the scope of required disclosures are documents and information obtained by Hans-Christian Semmler as a result of his role as a member of the supervisory board of Innoplexus.

## DOCUMENT REQUESTS

1. All Documents and Communications Concerning any alleged transfer of assets, business opportunities, and know how from Innoplexus to Partex and its subsidiaries at any time.

2. All Documents and Communications Concerning the solicitation of an investment in either Partex or Innoplexus from Mr. Fernandez, including but not limited to all Documents Concerning the allegation that Mr. Fernandez had been solicited to invest in Innoplexus.

3. All Documents and Concerning Innoplexus's Series D fund-raising round.

4. All Documents and Communications Concerning HCS's shareholding in Innoplexus.

5. All documents and communications Concerning the presentations on the business of Innoplexus and Partex relied on by HCS as a basis for its allegations of "asset stripping" and misappropriation of business opportunities (e.g. in HCS' letter to Innoplexus dated October 21, 2022, submitted in the present proceedings as Exhibit 5 to Mr. Gierke's declaration) and Concerning how those presentations were obtained by HCS.

6. All non-privileged Documents and Communications Concerning Your retention of Documents that may be responsive to this Subpoena, Including any Document or Communication you received Concerning retention of Documents in anticipation of litigation Concerning Innoplexus, Partex, Dr. Bhardwaj, or Mr. Fernandez.