**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re Application of:** | § | |
| | § | |
| **HCS** | § | |
| **BETEILIGUNGSGESELLSCHAFT** | § | |
| **MBH,** | § | |
| **Petitioner, for an Order Pursuant to 28** | § | |
| **U.S.C. § 1782 to Conduct Discovery for** | § | **CIVIL ACTION NO. 3:22-MC-00101-M** |
| **Use in a Foreign Proceeding** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RUBEN KING-SHAW, JR.,** | § | |
| **Respondent.** | § | |
| | § | |

**RESPONDENT RUBEN KING-SHAW, JR.'S MOTION TO QUASH SUBPOENAS,
MOTION FOR PROTECTION, AND BRIEF IN SUPPORT**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Respondent Ruben King-Shaw Jr., hereby files this Motion to Quash Subpoena and Motion for Protection. For the reasons set forth below, King-Shaw requests this Court quash Petitioner HCS Beteiligungsgesellschaft MBH's ("Petitioner") deposition subpoenas, attached hereto as Exhibit 1, App. 1 – 9. In the alternative, King-Shaw respectfully requests this Court require the Parties to first confer about the need, scope, and scheduling of the requested deposition in light of King-Shaw's impending medical procedures. Additionally,  King-Shaw files this Motion for Protection as Petitioner has served document requests which seek documents which are confidential in nature under German law.

## I.        SUMMARY OF RELIEF SOUGHT

Petitioner seeks evidence for proceedings it intends to bring against Partex and Gunjan Bhardwaj in Germany. King-Shaw requests the Court to quash Petitioner's subpoena and

document requests because they impose an unnecessary and disproportionate burden on King-Shaw for three reasons.  First, the majority of the documents and information Petitioners seek from King-Shaw are not in his custody, possession, or control. The documents which King-Shaw does have in his possession are Innoplexus's highly confidential information, therefore, he cannot produce any documents without having a protective order in place.

Second, King-Shaw lacks the personal knowledge necessary to respond to Petitioner's allegations as he is not a member of the "Partex Team" as Petitioner alleges.  *See* Exhibit 2, App. 10 – 15, King-Shaw Declaration at ¶ 9–11. Accordingly, he does not have information about Partex which Petitioner seeks or how Francisco Fernandez became an investor in Partex.

Third, responding to Partex's deposition and document requests would subject King-Shaw to an undue burden. As set forth in his Declaration, King-Shaw's health issues and concerns, including upcoming surgeries, will require an extensive amount of recuperation. Accordingly, King-Shaw requests the Court to quash Petitioner's deposition and document requests.

## II.   PROCEDURAL BACKGROUND

Petitioner filed its Application on December 21, 2022. *See* ECF No. 1. King-Shaw was served with the Application on or about December 22, 2022. *See* ECF No. 4. On January 23, 2023, the Court ordered King-Shaw to respond to the Application by February 20, 2023. *See* ECF No. 5. However, King-Shaw's severe health issues delayed his ability to respond to the Application. *See* King-Shaw Declaration at ¶ 18–22. On February 24, 2023, Partex, an interested party in the German proceeding, filed a motion for an extension of time, to extend the deadline to respond to Petitioner's Application. *See* ECF No. 6. On February 28, 2023, Petitioner filed *Petitioner's Response to Partex's Motion for Extension of Time*, requesting to set the response deadline for

March 9, 2023. *See* ECF No. 8. On March 7, 2023, the Court granted Partex's motion and ordered King-Shaw to respond to Petitioner's Application by March 16, 2023. *See* ECF No. 10.

## III.    ARGUMENT AND AUTHORITY

### A.    MOTION TO QUASH

#### *1. King-Shaw Lacks Possession and Control of the Information Sought.*

In addition to the statutory elements provided under Section 1782 itself, the target of a discovery request under Section 1782 can oppose the request on the basis of any of the usual grounds for objecting to discovery under the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1782(a) (Unless the applicant requests otherwise, "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."); *Texas Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 554 (5th Cir. 2012) ("The manner in which [Section 1782] discovery proceeds will be determined by normal discovery rules.") (quoting *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012)). Accordingly, pursuant to Federal Rule of Civil Procedure 34, a party may object to a discovery request when the requested documents or information are not in the responding party's possession, custody, or control. Rule 34's definition of 'possession, custody, or control,' includes more than actual possession or control of the materials; it also contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action. *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016); *Edwards v. City of Bossier City*, No. CV 15-1822, 2016 WL 3951216, at *3 (W.D. La. July 20, 2016).

Further, Rule 45(d)(3) of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena that "subjects a person to undue burden" and permits a court to modify or quash

a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 45(d)(3).

Here, the information sought from King-Shaw is not in his custody, possession, or control. *See* Exhibit 2, App. 10 – 15, King-Shaw Declaration ¶ 5, 6, 9, 11, and 14, The only information in King-Shaw's possession, custody, or control relate to Innoplexus's highly confidential information. *See* Exhibit 2, App. 10 – 15, King-Shaw Declaration ¶ 5. Even were that material responsive (it is not), King-Shaw has no legal right to that material and thus has no control over it pursuant to Rule 34 and 45(d)(3) of the Federal Rules of Civil Procedure..

### 2. King-Shaw Lacks Personal Knowledge of the Information Sought.

Additionally, under FRCP Rule 34(a), a party cannot be compelled to respond to a request if the subject request is outside the scope of the respondent's knowledge and therefore not within the party's possession, custody, or control. The scope of a party's knowledge refers to information that the party has personal knowledge of, or can reasonably ascertain. By logical extension, if the party lacks the information sought and the means of obtaining it, then it cannot produce it.

King-Shaw does not have any personal knowledge of the subjects which Petitioner seeks through its deposition and document requests. (King-Shaw Declaration at ¶ 5–6). King-Shaw has no personal knowledge about what activities Partex may have been involved in which Petitioner seeks because King-Shaw has no role with Partex (King-Shaw Declaration at ¶ 9). Additionally, while familiar with who he is, King-Shaw has no personal knowledge regarding Petitioner's accusations about how Francisco Fernandez became an investor in Partex (King-Shaw Declaration at ¶ 15). Setting aside his lack of personal knowledge in the Petitioner's allegations against Partex and Fernandez, King-Shaw's current health concerns and impending surgeries pose an undue

burden on him to participate in Petitioner's fishing expedition.  (King-Shaw Declaration at ¶ 18–19, 22).

### 3. Responding to Petitioner's Requests would subject King-Shaw to an Undue Burden.

Rule 45(d)(3) of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena that "subjects a person to undue burden," and permits a court to modify or quash a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 45(d)(3). When the non-party opposing discovery shows that the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden, the Court may grant the motion to quash. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Likewise, under Federal Rule of Civil Procedure 26 (c), the Court may, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden, or expense. *See* Fed. R. Civ. P. 26(c)(1). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Here, the Petitioner's subpoenas impose an unnecessary and disproportionate burden on King-Shaw as set forth in King-Shaw's Declaration. Specifically, King-Shaw serves as the Chair of Innoplexus's Supervisory Board. Innoplexus is a German pharmaceutical technology company and interested party in the German Proceedings. Accordingly, King-Shaw must comply with the German corporate confidentiality laws which prohibit him from disclosing documents and information obtained in his role as Chair of Innoplexus's Supervisory Board.  Further, the

confidential documents which King-Shaw has in his possession are not responsive to Petitioner's subpoenas.

The burden on King-Shaw to respond to Petitioner's subpoenas significantly exceeds the benefit Petitioner is likely to receive from such an effort, given King-Shaw's minimal role in the events at issue in the German Proceedings. Indeed, the only information in King-Shaw's possession, custody, or control relate to Innoplexus's highly confidential information. *See* Exhibit 2, App. 10 – 15, King-Shaw Declaration ¶ 5. Disclosing this information would be an enormous burden to King-Shaw and Innoplexus, which far outweighs the negligible benefit that such information might have in the German Proceedings.[1] This is particularly so when Petitioner can much more easily obtain the requested discovery from parties or counter-interested parties in the German Proceedings (e.g., Partex and Gunjan Bhardwaj), other German entities (e.g., Innoplexus AG), or affiliates of Partex (e.g., Francisco Fernandez) who are not subject to the jurisdiction of this Court, but who are presumably subject to the jurisdiction of the Regional Court of Frankfurt am Main. Accordingly, to the extent Petitioner's requests are not an improper attempt to circumvent German proof-gathering restrictions, the discovery sought is obtainable in a more convenient, less burdensome, and less expensive manner, which would not put a burden on non-parties.

Likewise, King-Shaw's impending heart condition, forthcoming amputation, and required home recovery make it even more burdensome for him to comply with the Subpoenas. King-Shaw

---

[1] *See MetroPCS v. Thomas*, 327 F.R.D. 600, 628 (N.D. Tex. 2018) ("The Court determines that the Subpoena should be quashed because the record does not support a determination that [respondent] is likely to be able to provide [information] that would be relevant to—and needed by [petitioner] to prove or support—the claims in the [underlying] action[.]")

Declaration at ¶ 18–19, 22. Accordingly, this Court should quash the Subpoenas pursuant to Rule 45(d)(3).

Notwithstanding King-Shaw's minimal involvement as a non-party witness, Petitioner's Subpoenas are overly broad in that they contain absolutely no limitations or specification of topics. For example, Document Request No. 1 is overbroad because it seeks all documents and communication related to the transfer of assets, business opportunities, and knowhow from Innoplexus to Partex and its subsidiaries without specifying a time frame or any other limiting factors. This could potentially include a vast amount of irrelevant information. For example, document Request No. 2 is overbroad because it seeks all documents and communication related to Partex's takeover of Innoplexus as a majority shareholder without specifying a time frame or any other limiting factors. This could potentially include a vast amount of irrelevant information. Document Request No. 3 is also overbroad because it seeks "All Documents and Communications between You and Mr. Fernandez related to investment in Partex" because it is not limited to a specific time frame, subject matter, or person, and could potentially include a vast amount of irrelevant information. In each example, the requests should be made more specific by adding limiting factors such as a time frame or specific subject matter. As written, the requests are overly burdensome and seek irrelevant information. Document requests Nos. 4-7 are similarly overly broad and nonspecific. *See generally* Exhibit 1, App. 1 – 9.

For these reasons, King-Shaw respectfully requests this Court grant the Motion to Quash Petitioner's Subpoena and issue a protective order that protects King-Shaw from a deposition and document production in this matter. Respondent is separately serving on Petitioner, and incorporate herein by reference, Respondent's Responses and Objections to Petitioner's Requests

for Production. *See* Exhibit 3, App. 16 – 29. To the extent this Court orders discovery to proceed, King-Shaw requests the Court to rule on these objections.[2]

### B.  MOTION FOR PROTECTION

### 1.  If this Court grants Petitioner's Application and orders discovery, the Court should issue an order to protect King-Shaw from further undue burden and expense.

In the alternative, if this Court grants Petitioner's Section 1782 application, the Federal Rules of Civil Procedure govern the resulting discovery proceedings. *See* 28 U.S.C. § 1782(a). The Court may, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). As a result, the Court has broad discretion in determining whether to grant a motion for a protective order. *Id. See also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

To the extent discovery is ordered, King-Shaw would respectfully request a protective order that requires the Parties to first confer about the need, scope, and scheduling of the requested deposition in light of King-Shaw's impending medical procedures. Moreover, King-Shaw requests this Court require Petitioner and all parties to the German Proceedings who are potentially eligible to access the document production, to submit to the jurisdiction of this Court, enter into a comprehensive protective order that provides penalties for violations of confidentiality restrictions, and to pay Respondent's costs to comply with the Subpoenas. *See* Fed. R. Civ. P. 26(c)(1). Separately, Petitioner should be required to pay the expense of Respondent's inspection

---

[2] *See ORIX USA Corp. v. Armentrout*, 2016 WL 4095603, at *2 (N.D. Tex. Aug. 1, 2016) ("Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order.").

and production of the requested evidence as Respondent is not a party to the proceedings for which this evidence is being requested.[3]

## IV.    CONCLUSION

For the foregoing reasons, Respondent requests that this Court grant this Motion to Quash Petitioner's Deposition Subpoenas and Motion for Protection and enter the attached proposed order.

Respectfully submitted,

By: */s /Amy M. Stewart*
**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com
One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**COUNSEL FOR DEFENDANT
RUBEN KING-SHAW JR.**

## CERTIFICATE OF CONFERENCE

I certify that on March 15, 2023, I had a productive conference with Petitioner's local counsel, John P. Lewis and lead counsel, Brianna Hills Simopoulos. Agreement could not be reached because Petitioner's counsel is going forward with their Application. The parties did discuss conferring about the deposition and discovery requests at a later date.

*/s/ Amy M. Stewart*
Amy M. Stewart

---

[3] *See* Fed. R. Civ. P. 45(d)(2)(B)(ii) (a court order "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance").

**RESPONDENT RUBEN KING-SHAW, JR.'S MOTION TO QUASH SUBPOEANS, MOTION FOR PROTECTION, AND BRIEF IN SUPPORT – PAGE 9**

### CERTIFICATE OF SERVICE

I certify that on March 16, 2023, a true and correct copy of the foregoing document was emailed to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Amy M. Stewart*
Amy M. Stewart