**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re Application of:** | § | |
| | § | |
| **HCS** | § | |
| **BETEILIGUNGSGESELLSCHAFT** | § | |
| **MBH,** | § | |
| **Petitioner, for an Order Pursuant to 28** | § | |
| **U.S.C. § 1782 to Conduct Discovery for** | § | **CIVIL ACTION NO. 3:22-MC-00101-M** |
| **Use in a Foreign Proceeding** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RUBEN KING-SHAW, JR.,** | § | |
| **Respondent.** | § | |
| | § | |

**APPENDIX IN SUPPORT OF RESPONDENT RUBEN KING-SHAW, JR.'S MOTION TO QUASH SUBPOENAS, MOTION FOR PROTECTION, AND BRIEF IN SUPPORT**

| APP. NO. | EXHIBIT | DESCRIPTION |
|---|---|---|
| | | |
| APP. 1 – 9 | 1 | Deposition Subpoena served on Ruben King-Shaw, Jr. |
| APP. 10 – 15 | 2 | Declaration of Ruben King-Shaw, Jr. |
| APP. 16 – 29 | 3 | Respondent's Responses to Petitioner's Request for Production |

Respectfully submitted,


By: */s /Amy M. Stewart*
**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com
One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**COUNSEL FOR DEFENDANT**
**RUBEN KING-SHAW JR.**


## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 16, 2023, a true and correct copy of the foregoing document was emailed to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Amy M. Stewart*
Amy M. Stewart

# EXHIBIT – 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

In re Application of HCS Beteiligungsgesellschaft mbH

|  |  |
|---|---|
| _____ ) | |
| *Plaintiff*                )  | |
| v.                         )  | Civil Action No. |
| _____ ) | |
|                            )  | |
| *Defendant*                )  | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Ruben King-Shaw Jr.
_____
*(Name of person to whom this subpoena is directed)*

☒ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Hayward, PLLC, *Attorneys and Counselors*<br>10501 N. Central Expressway, Suite 106<br>Dallas, Texas 75231 | Date and Time: | Within 14 days of the Court's<br>order granting the Application |
|---|---|---|---|

The deposition will be recorded by this method:  _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | /s/ Duane L. Loft |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
HCS Beteiligungsgesellschaft mbH, _____, who issues or requests this subpoena, are:
Duane L. Loft, Pallas Partners (US) LLP, 75 Rockefeller Plaza, New York, NY 10019, Duane.Loft@pallasllp.com, (212) 970-2300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**APP - 2**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                                          *Server's signature*

                                                    _____
                                                                          *Printed name and title*

                                                    _____
                                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

a.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

c.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

d.      "Dr. Bhardwaj" means Dr. Gunjan Bhardwaj and any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control, and Including any other entities in which he has or had an ownership interest.

e.      "Mr. Fernandez" means Francisco Fernandez and any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control, and Including any other entities in which he has or had an ownership interest.

f.      "HCS" means HCS Beteiligungsgesellschaft mbH and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

g.      "Including" means including, without limitation, the specific matter, Documents, or electronically stored information described.

h.      "Innoplexus" means Innoplexus AG and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

i.      "Partex" means Partex NV and its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest.

j.      "You" "Your" and "Yours" means Ruben King-Shaw and any of your employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on Your behalf or subject to Your control, and Including any other entities in which you have or had an ownership interest.

## INSTRUCTIONS

1.      These Document demands are intended to and do cover all Documents in Your possession, custody, or control, Including those belonging to subsidiaries, divisions, or affiliates, or any of Your directors, officers, managing agents, employees, attorneys, accountants, or other representatives.   These Document demands also are intended to and do cover any and all Documents You are authorized or have the practical ability to retrieve.

2.      Each request for a Document contemplates production of the Document or electronically stored information in its entirety, without abbreviation or expurgation.

3.      Documents or electronically stored information provided shall be complete and, unless privileged, unredacted, submitted as found (*e.g.*, Documents that in their original condition

2

were stapled, clipped or otherwise fastened shall be produced in such form).  To the extent any responsive Document is attached to another Document through manual or electronic (*e.g.*, e-mail) means, both the responsive Document and any attachment(s) should be produced.  To the extent only a portion of a Document or electronically stored information is privileged, the non-privileged portion should be produced and any redactions should be clearly marked.

4.      Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document level text files (text-searchable), Native Files, .DAT with standard Concordance delimiters (should contain the path to native files and text files), .OPT image load file (should contain the page count and volume path).  Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including Bloomberg messages, Instant Bloomberg chats, WeChat messages, Signal messages, WeCom messages, QQ messages, and WhatsApp messages), calendar entries, Documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and Documents in Portable Document Format ("PDF").

5.      With respect to any Documents that are withheld, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld.  Privileged attachments should be listed separately.  Non-privileged attachments should be produced.

6.      If no Documents exist that are responsive to a particular request, please so state in writing.

7.      These demands require production of copies of all electronically stored information in native electronic format, Including production of all metadata.

APP - 7

8.      No part of a request may be left unanswered, or Documents and things not produced, merely because an objection is interposed as to any other part of a request.  Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection.  All objections to the production of Documents, information, or other things requested herein must be made in writing and delivered to counsel of record for the Petitioner.

9.      This subpoena is deemed continuing in nature and You are obliged to produce responsive Documents and to supplement Your production whenever additional Documents are located or their existence ascertained.

10.     Unless otherwise specified, each request pertains to the period of January 1, 2021, to present.

## DOCUMENT REQUESTS

1.      All Documents and Communication between You, Partex, Dr. Bhardwaj and Mr. Fernandez and any supervisory board members, employees, officers, directors, or agents and advisors of Partex or Innoplexus related to the transfer of assets, business opportunities, and know-how from Innoplexus to Partex and its subsidiaries.

2.      All Documents and Communications between You and Dr. Bhardwaj relating to the solicitation of investment from Mr. Fernandez.

3.      All Documents and Communications between You and Mr. Fernandez related to investment in Partex.

4.      All Documents and Communications between You and any supervisory board members, employees, officers, directors, or agents and advisors of Partex or Innoplexus related to Partex's takeover of Innoplexus as majority shareholder.

4

5.      All Documents and Communications between You and Dr. Bhardwaj related to HCS's shareholding in Innoplexus, including the circumstances that led to Innoplexus' forced capital increase and the decision to exclude HCS' subscription right.

6.      All Documents and Communications between You and Dr. Bhardwaj relating to the circumstances under which You joined the Partex team and were elected to the Innoplexus supervisory board.

7.      All non-privileged Documents and Communications Concerning Your retention of Documents that may be responsive to this Subpoena, Including any Document or Communication you received Concerning retention of Documents in anticipation of litigation Concerning the Innoplexus, Partex, Dr. Bhardwaj, or Mr. Fernandez.

# EXHIBIT – 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re Application of: | § | |
| | § | |
| HCS | § | |
| BETEILIGUNGSGESELLSCHAFT | § | |
| MBH, | § | |
| Petitioner, for an Order Pursuant to 28 | § | |
| U.S.C. § 1782 to Conduct Discovery for | § | CIVIL ACTION NO. 3:22-MC-00101-M |
| Use in a Foreign Proceeding | § | |
| | § | |
| v. | § | |
| | § | |
| RUBEN KING-SHAW, JR., | § | |
| Respondent. | § | |
| | § | |

### DECLARATION OF RESPONDENT RUBEN KING-SHAW, JR., IN OPPOSITION TO THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

I, Ruben King-Shaw, Jr., hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am an Executive at Steward Health Care System LLC in Dallas, Texas.

2.  I joined the Supervisory Board of Innoplexus AG ("Innoplexus") in March 2021. Since April 2022 I have served as the Chair of the Supervisory Board.

3.  I understand that HCS Beteiligungsgesellshchaft MBH ("HCS") has brought this proceeding in an effort to obtain documents and take my deposition in order to gather evidence for use in proceedings it intends to bring against Partex and Gunjan Bhardwaj in Germany.

4.  I understand HCS alleges that Mr. Bhardwaj engineered an improper "takeover" of Innoplexus through his company Partex, has improperly transferred assets, "know

**DECLARATION OF RESPONDENT RUBEN KING-SHAW, JR. IN OPPOSITION TO THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE TO 28 U.S.C. § 1782 – Page 1**

how," and technology from Innoplexus to Partex, and has breached a shareholders' agreement by not devoting sufficient time to Innoplexus.

5.      I understand that HCS does not seek documents I obtained in my role as a member and Chair of the Supervisory Board of Innoplexus, or testimony about information gained in those roles, because these are protected under German corporate confidentiality laws.  Accordingly, HCS is seeking documents or information obtained in my personal capacity, outside the time period and functions of my role on the Innoplexus Supervisory Board.

6.      I believe I have few or no such documents, and little or no such information, regarding the subjects in which HCS is interested.

7.      I was first introduced to Mr. Bhardwaj by a college classmate of mine.  I do not recall exactly when this was, but it would have been some time prior to the outbreak of Covid-19 in the United States.  We subsequently spoke from time to time.  We discussed matters such as the U.S. business and investment environment, private equity, and general corporate governance matters—with all of which I have considerable experience.

8.      In due course, Mr. Bhardwaj invited me to become a member of the Supervisory Board of Innoplexus.  I do not recall exactly when he extended this invitation.  I ultimately agreed and joined the Supervisory Board in March 2021.

9.      Prior to joining the Supervisory Board, I was generally aware that Mr. Bhardwaj had a company called Partex through which he owned his stake in Innoplexus.  However, I had little knowledge about what activities the company may have been involved in and had no role with Partex.

**DECLARATION OF RESPONDENT RUBEN KING-SHAW, JR. IN OPPOSITION TO THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE TO 28 U.S.C. § 1782 – Page 2**

10.     I see in the papers HCS has filed in this proceeding that they assert I was part of the "Partex team" and that my name was listed in a Partex investor presentation in January 2021.  I do not believe I have ever seen such a document, at that time or since, and do not understand in what context I would have been mentioned.

11.     There have been recent discussions about my taking a role with Partex as either a consultant or a member of the supervisory board.  However, I have not been and, as of today, am not a member of the management or a supervisory board of Partex or any of its affiliates (other than Innoplexus) nor have I accepted a role as a consultant.

12.     Prior to when I joined the Innoplexus Supervisory Board, I do not recall Mr. Bhardwaj ever informing me that HCS and one of its principals—Mr. Hans Christian Semmler—were very disgruntled with Mr. Bhardwaj, and indeed were in open conflict with him.

13.     The Innoplexus Supervisory Board has devoted considerable attention to the accusations which HCS makes in the papers it has submitted in this proceeding, including asking the Management Board of Innoplexus for reports and information on the matters raised by HCS.  In addition, the Supervisory Board has received, taken note of, and reviewed the report on the special audit conducted by an independent auditor into the allegations made by HCS, which was commissioned by Innoplexus at the initiative of Partex.

14.     I cannot elaborate further due to confidentiality obligations under German corporate law, but I can say based on my knowledge and experience that HCS's accusations remain unsubstantiated and, in my view, are groundless.

**DECLARATION OF RESPONDENT RUBEN KING-SHAW, JR. IN OPPOSITION TO THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE TO 28 U.S.C. § 1782 – Page 3**

15.   The papers HCS has submitted make accusations regarding the manner in which Francisco Fernandez is asserted to have become an investor in Partex.  I have no involvement or knowledge of these events and had never met or spoken with Mr. Fernandez until November 2022, when I joined a conference call with Mr. Fernandez and Mr. Bhardwaj.

16.   With respect to HCS's request for documents, based on a preliminary review of my electronic files, I do not believe I have any documents about the relevant subjects other than those I received or transmitted in my role as a member of the Supervisory Board of Innoplexus. It is my knowledge that those documents are excluded from HCS's request.

17.   I note that my personal communications with Mr. Bhardwaj are generally by telephone.  We do not typically exchange emails about substantive matters.  In addition, I have a policy of deleting all of my emails after a short period of time.  I do not believe I have any emails that would be responsive to HCS's requests.

18.   On or about November 28, 2022, I began experiencing severe health issues. After a day of observation at UT Southwestern, I was admitted into the Intensive Care Unit and diagnosed with heart failure. As a result of the heart failure diagnosis, I underwent several procedures over the next ten days to determine if my heart was strong enough to undergo a cardiac ablation.

19.   After the cardiac ablation procedure, medical professionals discovered that blood clots further deteriorated my circulation. I remained in the care of medical professionals at UT Southwestern over the next few weeks to closely observe my blood circulation.

**DECLARATION OF RESPONDENT RUBEN KING-SHAW, JR. IN OPPOSITION TO THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE TO 28 U.S.C. § 1782 – Page 4**

20.     On December 21, 2022, I was discharged from UT Southwestern. Following the discharge, I was instructed to reduce my stress and focus on my heart's recovery. As a result, I made arrangements to depart for Panama on December 23, 2022, intending to recover in my home country with family and avoid the brutal winter weather alone in my apartment.

21.     On December 22, 2022, while bound to a wheelchair and packing for my recovery stay in Panama, I was served with Petitioner's Application. Petitioner's Applications arrived within a few hours before my departure to Panama the next morning, December 23, 2022. I departed to Panama to recover. I did not return from Panama to the United States until January 27, 2023.

22.     As a result of my heart condition, I must undergo a further procedure to have all of my toes amputated on March 15, 2023. Due to the skin grafting required, my surgeon informed me that I will require at least one month of at home recovery. Therefore, I will not be able to be deposed or participate in this litigation until after April 15, 2023, or later.

23.     I do not know whether HCS has indeed filed proceedings in a German courts, as they stated in their papers they intended to do.  If proceedings concerning HCS's accusations are brought before a court in Germany and I am called as a witness, I would be prepared to testify in those proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2023, in Dallas, Texas.

_/s/Ruben King-Shaw, Jr._
RUBEN KING-SHAW JR.


**DECLARATION OF RESPONDENT RUBEN KING-SHAW, JR. IN OPPOSITION TO THE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE TO 28 U.S.C. § 1782 – Page 5**

# EXHIBIT – 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re Application of:** | § | |
| | § | |
| **HCS** | § | |
| **BETEILIGUNGSGESELLSCHAFT** | § | |
| **MBH,** | § | |
| **Petitioner, for an Order Pursuant to 28** | § | |
| **U.S.C. § 1782 to Conduct Discovery for** | § | **CIVIL ACTION NO. 3:22-MC-00101-M** |
| **Use in a Foreign Proceeding** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RUBEN KING-SHAW, JR.,** | § | |
| **Respondent.** | § | |
| | § | |

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO**
**PETITIONER'S REQUEST FOR PRODUCTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Respondent Ruben King-Shaw Jr., hereby responds and objects to Petitioner HCS Beteiligungsgesellschaft MBH's ("HCS") deposition subpoenas (the "Subpoena") served upon him in the above-captioned action by Petitioner as follows:

## I.     OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

a. Respondent objects to Definition (d) of the Document Requests because it is overly broad, burdensome, or oppressive. The proffered definition attempts to expand the definition of *Dr. Bhardwaj* to include not only Dr. Bhardwaj, but also "any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control and Including [sic] any other entities in which he has or had an ownership interest." Accordingly, this discovery request is overly broad and unduly

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S**
**REQUEST FOR PRODUCTION – PAGE 1**

burdensome on its face because it seeks to elicit information from Respondent about unidentified persons or entities. Respondent will interpret Petitioner's references to Dr. Bhardwaj in the Subpoena to be a reference to him only and the known employees or representatives operating on his behalf.

b.  Respondent objects to Definition (e) of the Document Requests because it is overly broad, burdensome, or oppressive. The proffered definition attempts to expand the definition of *Mr. Fernandez* to include not only Mr. Fernandez, but also "any of his employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on his behalf or subject to his control and Including [sic] any other entities in which he has or had an ownership interest." Accordingly, this discovery request is overly broad and unduly burdensome on its face because it seeks to elicit information from Respondent about unidentified persons or entities. Respondent will interpret Petitioner's references to Mr. Fernandez in the Subpoena to be a reference to him only and the known employees or representatives operating on his behalf.

c.  Respondent objects to Definition (f), (h) and (i) of the Document Requests because they are overly broad, burdensome, or oppressive. Each of the proffered definitions attempt to expand the definition of an entity to include not only the entity itself, but also "its parents, members, shareholders, partners, owners, subsidiaries, affiliates, predecessors, successors, assigns, and each of its employees, directors, officers, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, and Including any other entities in which it has or had an ownership interest." Accordingly, this discovery request is overly broad and unduly burdensome on its face because it seeks to elicit information from Respondent about unidentified persons or entities.

RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S
REQUEST FOR PRODUCTION – PAGE 2

Respondent will interpret Petitioner's references to any entities in the Subpoena to be a reference to that entity only and the known employees or representatives operating on its behalf.

d.  Respondent objects to Definition (j) of the Document Requests because it is overly broad, burdensome, or oppressive. The proffered definition attempts to expand the definition of "you" to include not only *Ruben King-Shaw*, but also his "employees, partners, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on [his] behalf or subject to [his] control, and Including [sic] any other entities in which [he has] or had an ownership interest." Accordingly, this discovery request is overly broad and unduly burdensome on its face because it seeks to elicit information from Respondent about unidentified persons or entities. Respondent will interpret Petitioner's references to "you" in the Subpoena to be a reference to him only and the known employees or representatives operating on his behalf.

e.  Respondent objects to Instruction No. (1) of the Document Requests because it seeks to impose a definition of "possession, custody, or control" that differs from that used under the Federal Rules of Civil Procedure and purports to require Respondents to produce documents from affiliates that have not been served with a subpoena and which are not subject to the jurisdiction of this Court. To the extent Respondents search for, review, or produce documents, they will only be documents within the Respondents' own "possession, custody, or control." Respondents will not search for, review, or produce documents outside of their "possession, custody, or control," including documents held by any affiliated entities.

f.  Respondent objects to Instruction No. (3) of the Document Requests. Any documents that are produced will be redacted for compliance with any applicable attorney-client privilege, the

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 3**

work product doctrine, the common interest doctrine, foreign secrecy laws, other confidentiality laws whether foreign or domestic, or any other applicable privilege or protection. Documents that contain trade secret information will also be redacted so as not to disclose that information. Likewise, any confidential or proprietary business information not directly relevant to German Proceedings will be redacted.

g.  Respondent objects to Instruction No. (9) and (10) of the Document Requests. The time period requested by Petitioner is overly broad, unduly burdensome, and not reasonably tailored or proportionate to the needs of the German Proceedings. To the extent Respondent is required to search for, review, or produce documents, the time period employed will be from January 1, 2021 – March 8, 2021 and February 25, 2022 – April 19, 2022.

## II.   GENERAL STATEMENT

1.  As set forth in the declaration of Ruben King-Shaw, Jr., the discovery Petitioner seeks from Respondent, a non-party, is not within his possession. If such documents exist, they would more likely be under the possession or control of parties to the German Proceedings (e.g., Partex and Gunjan Bhardwaj), other German entities (e.g., Innoplexus AG), or affiliates of Partex (e.g., Francisco Fernandez) who are not subject to the jurisdiction of this Court, but who are presumably subject to the jurisdiction of the Regional Court of Frankfurt am Main for the German Proceedings. Petitioner's discovery requests are an improper attempt to circumvent German proof gathering restrictions and it is obtainable in a more convenient, less burdensome, and less expensive manner.

2.  Respondent objects to the deposition subpoena on the ground that deposition testimony seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in his Declaration, Respondent was not involved with the

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 4**

events that gave rise to the German Proceedings. He has little or no such information regarding the subjects in which HCS is interested. *See* King-Shaw Declaration at ¶ 9. Any information Respondent has knowledge of is privileged, and/or protected from discovery under German corporate confidentiality laws, and not relevant to the issues in the German Proceedings.

3. Respondent incorporates by reference the entirety of Respondent's Motion To Quash Subpoenas of Ruben King-Shaw, Jr., as if it were fully set forth herein, and object to the Subpoenas for all the reasons set forth in that Motion.

## III.   SPECIFIC OBJECTIONS AND RESPONSES TO PETITIONER'S DOCUMENT REQUESTS

**REQUEST NO. 1:**

All Documents and Communication between You, Partex, Dr. Bhardwaj and Mr. Fernandez and any supervisory board members, employees, officers, directors, or agents and advisors of Partex or Innoplexus related to the transfer of assets, business opportunities, and know-how from Innoplexus to Partex and its subsidiaries.

**RESPONSE TO REQUEST NO. 1:**

Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved with the events related to the German Proceedings and has few or no such documents and little or no such information regarding the subjects in which HCS is interested. Any information in the possession of Respondent is privileged, and/or protected from discovery under German corporate confidentiality laws, and do not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence.

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 5**

Respondent believes he has no documents responsive to this Request. Any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws. Further, any minimal number of documents responsive to this Request which are in Respondent's possession would not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings.

**REQUEST NO. 2:**

All Documents and Communications between You and Dr. Bhardwaj relating to the solicitation of investment from Mr. Fernandez.

**RESPONSE TO REQUEST NO. 2:**

As stated in the Declaration of Ruben King-Shaw, Jr., Respondent has no involvement or knowledge of any events relating to the solicitation of investment from Mr. Fernandez. *See* Declaration of Ruben King-Shaw, Jr. at ¶16.

Further, Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved with the events related to the German Proceedings and has few or no such documents and little or no information regarding the subjects in which HCS is interested. Any information in Respondent's possession is privileged, and/or protected from discovery under German corporate confidentiality laws, and do not pertain

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 6**

to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings.

Subject to these objections, Respondent asserts that he has no documents responsive to this Request; any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws; and that any minimal number of documents responsive to this Request in Respondent's possession would not be of significance to the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings. Respondent will, therefore, not search for or produce documents in response to this Request.

**REQUEST NO. 3:**

All Documents and Communications between You and Mr. Fernandez related to investment in Partex.

**RESPONSE TO REQUEST NO. 3:**

As stated in the Declaration of Ruben King-Shaw, Jr., Respondent had no involvement or knowledge of any events relating to the solicitation of investment from Mr. Fernandez. *See* Declaration of Ruben King-Shaw, Jr. at ¶16. Respondent had never met or spoken with Mr. Fernandez until November 2022. *Id*. Further, Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 7**

with the events related to the German Proceedings and has few or no such documents and little or no such information regarding the subjects in which HCS is interested. Any information in the possession of Respondent is privileged, and/or protected from discovery under German corporate confidentiality laws, and do not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings.

Respondent believes he has no documents responsive to this Request; any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws; and that any minimal number of documents responsive to this Request in Respondent's possession would not be of significance to the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings. Respondent will, therefore, not search for or produce documents in response to this Request.

**REQUEST NO. 4:**

All Documents and Communications between You and any supervisory board members, employees, officers, directors, or agents and advisors of Partex or Innoplexus related to Partex's takeover of Innoplexus as majority shareholder.

**RESPONSE TO REQUEST NO. 4:**

Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved with the events related to the German Proceedings

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 8**

and has few or no such documents and little or no such information regarding the subjects in which HCS is interested. Any information in the possession of Respondent is privileged (and/or protected from discovery under German corporate confidentiality laws) and do not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings.

Respondent believes he has no documents responsive to this Request; any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws; and that any minimal number of documents responsive to this Request in Respondent's possession would not be of significance to the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings. Respondent will, therefore, not search for or produce documents in response to this Request.

**REQUEST NO. 5:**

All Documents and Communications between You and Dr. Bhardwaj related to HCS's shareholding in Innoplexus, including the circumstances that led to Innoplexus' forced capital increase and the decision to exclude HCS' subscription right.

**RESPONSE TO REQUEST NO. 5:**

Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved with the events related to the German Proceedings

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 9**

and has few or no such documents and little or no such information regarding the subjects in which HCS is interested. Any information in the possession of Respondent is privileged (and/or protected from discovery under German corporate confidentiality laws) and do not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings.

Respondent believes he has no documents responsive to this Request; any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws; and that any minimal number of documents responsive to this Request in Respondent's possession would not be of significance to the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings. Respondent will, therefore, not search for or produce documents in response to this Request.

**REQUEST NO. 6:**

All Documents and Communications between You and Dr. Bhardwaj relating to the circumstances under which You joined the Partex team and were elected to the Innoplexus supervisory board.

**RESPONSE TO REQUEST NO. 6:**

As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not a part of the "Partex team." *See* Declaration of Ruben King-Shaw, Jr. at ¶10-11.

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 10**

Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved with the events related to the German Proceedings and has few or no such documents and little or no such information regarding the subjects in which HCS is interested. Any information in the possession of Respondent is privileged (and/or protected from discovery under German corporate confidentiality laws) and do not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings.

Respondent believes he has no documents responsive to this Request; any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws; and that any minimal number of documents responsive to this Request in Respondent's possession would not be of significance to the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings. Respondent will, therefore, not search for or produce documents in response to this Request.

**REQUEST NO. 7:**

All non-privileged Documents and Communications Concerning Your retention of Documents that may be responsive to this Subpoena, Including any Document or Communication you received Concerning retention of Documents in anticipation of litigation Concerning the Innoplexus, Partex, Dr. Bhardwaj, or Mr. Fernandez.

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 11**

**RESPONSE TO REQUEST NO. 7:**

Respondent objects to this request because it seeks to impose a burden on Respondent that is not proportionate to the needs of the German Proceedings. As stated in the Declaration of Ruben King-Shaw, Jr., Respondent was not involved with the events related to the German Proceedings and has few or no such documents and little or no such information regarding the subjects in which HCS is interested. Any information in the possession of Respondent is privileged (and/or protected from discovery under German corporate confidentiality laws) and do not pertain to matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence in the German Proceedings.

Respondent believes he has no documents responsive to this Request; any such documents would be protected from production under applicable attorney-client privileges, other privileges, trade secret law, or other confidentiality laws; and that any minimal number of documents responsive to this Request in Respondent's possession would not be of significance to the German Proceedings. In the unlikely event Respondent has some responsive documents, the time, expense, and effort that would be required to poll Respondent's employees, search for documents, review documents for responsiveness and privilege, and produce any minimal number of documents responsive to this Request would far outweigh the minimal benefit such an effort would provide to Petitioner and is not proportionate to the needs of the German Proceedings. Respondent will, therefore, not search for or produce documents in response to this Request.

**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 12**

Respectfully submitted,


By: */s /Amy M. Stewart*
**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com
One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**COUNSEL FOR DEFENDANT
RUBEN KING-SHAW JR.**


## CERTIFICATE OF SERVICE

I certify that on March 16, 2023, a true and correct copy of the foregoing document was emailed to all counsel of record in accordance with the Federal Rules of Civil Procedure.


*/s/ Amy M. Stewart*
Amy M. Stewart


**RESPONDENT RUBEN KING-SHAW, JR.'S RESPONSES AND OBJECTIONS TO PETITIONER'S REQUEST FOR PRODUCTION – PAGE 13**